UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Nancy C. Hardwick, | ) | C/A No. 4: 13-1359-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Bank of America, N.A., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

        This matter is before the court pursuant to the court's Text Sua Sponte Order to Show

Cause ("Order") why this case should not be remanded to the South Carolina Court of Common

Pleas for Horry County, ECF No. 8. All pretrial proceedings in this case were referred to the

undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C.[1]

---

[1] The Fourth Circuit has not directly addressed the question of whether consideration of remand is a nondispositive pretrial matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). However, the circuit courts that have considered the issue have concluded that magistrate judges lack authority to issue remand orders, rather than recommendations, regarding remand. *See, e.g., Williams v. Beemiller, Inc*., 527 F.3d 259 (2d Cir. 2008) (following the Tenth, Sixth, and Third Circuits in so concluding). In addition, at least one published opinion in this district has addressed this issue and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortgage Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH, 2007 WL 2220403, *3 (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering remand). Accordingly, out of an abundance of caution, the undersigned enters this Report and Recommendation for the consideration of the district judge.

Having reviewed the pleadings, Defendant's removal documents, and Plaintiff's response to the court's Order, the undersigned recommends remand.

On April 18, 2013, Plaintiff, proceeding pro se, filed suit in the Court of Common Pleas of Horry County, South Carolina, against Defendant Bank of America, N.A., State Court Civil Action No. 2013-CP-26-2586. Compl., ECF No. 1-1. Plaintiff's causes of action—violation of the South Carolina Consumer Protection Code, Slander Per Se, and Negligence—are based on state statutory or common law. *Id.* In civil matters not arising under federal law, *see* 28 U.S.C. § 1331, district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[,]" 28 U.S.C. § 1332(a)(1). Defendant was served with the suit on April 19, 2013 and removed the action to the United States District Court for the District of South Carolina on May 20, 2013, on the basis of diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332. Notice of Removal ¶¶ 7-13, ECF No. 1.

In her Complaint, Plaintiff alleges she is a resident of South Carolina. Compl. ¶ 1; Defendant's Notice of Removal alleges it is a citizen of North Carolina, as designated in its Articles of Incorporation, Notice of Removal ¶ 10. In her Complaint, Plaintiff does not seek damages in a certain amount, nor does it clearly allege she intended to pursue damages adequate to satisfy the requirement of 28 U.S.C. § 1332 that the amount in controversy exceeds $75,000. Accordingly, the court issued its Order to Show Cause seeking clarification from Plaintiff regarding whether, at the time of filing her Complaint, she intended to seek damages in excess of the $75,000 jurisdictional amount. ECF No. 8. [2] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

_____

[2] Because Defendant's Notice of Removal set forth its position regarding why the amount-in-controversy requirement has been satisfied and removal is proper, the court did not require Defendant to submit a response to the Order to Show Cause.

remanded."); *Arbaugh v. Y&H Corp*., 546 U.S. 500, 506 (2006) (noting the court may raise the lack of subject matter jurisdiction on its own initiative).

The removing party bears the burden of establishing federal jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297-98 (4th Cir. 2008). A defendant may remove a case only if the claim could have been brought in federal court on the basis of federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441(b); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As the Fourth Circuit Court of Appeals has explained, "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (internal quotation and citation omitted). In light of the foregoing authority, Defendant bears a heavy burden of proving that this case falls within the court's removal jurisdiction. The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941) (internal quotation and citations omitted).

In its Notice of Removal, Defendant acknowledges the Complaint does not include a specific monetary request for damages. Notice of Removal ¶ 11. However, Defendant submits that "[b]ased on conduct alleged in the Complaint and Plaintiff's prayer for punitive damages[,]" the amount-in-controversy requirement "is satisfied on the face of the Complaint." *Id.* ¶ 12. Defendant cites several cases for the proposition that the jurisdictional threshold is satisfied when a plaintiff seeks punitive damages and that such damages may be recoverable in the action. *See id.* ¶ 12 & n.2.

In Plaintiff's Response to the Order to Show Cause, however, she "clarifies, certifies and stipulates that she has no intention to pursue damages, as sought in the Complaint, [that] would

exceed the jurisdictional amount of $75,000.00 and agrees to be bound by these limitations." Pl.'s Resp. ¶ 1, ECF No. 10. Further, Plaintiff informs the court that "this information was verbally, and clearly, communicated to Counsel for Defendant, prior to Defendant's Removal." *Id.* ¶ 2.

In *Tennis v. Orange Lake County Club, Inc.*, No. 4:10-cv-01186-RBH, 2010 WL 3610244, at *1-2 (D.S.C. Sept. 14, 2010), the court found it appropriate to consider plaintiff's post-removal clarification stipulating her claim would be limited to no more than $75,000, found the stipulation deprived the court of subject-matter jurisdiction, and remanded the matter to state court. *Id.* (citing *Tommie v. Orkin, Inc*., No. 8:09-1225-HMH, 2009 WL 2148101, at *1-2 (D.S.C. July 15, 2009) ("[A] post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint.")).

Similarly, in this case, Plaintiff's post-removal clarification is permissible and should be given effect, making it clear that Plaintiff will not and cannot recover damages in excess of the $75,000 jurisdictional threshold. *See Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995) (noting when a plaintiff "has alleged only a small amount of damages or it is otherwise obvious that the jurisdictional amount under § 1332(a) cannot be satisfied, the court must dismiss the case outright for lack of jurisdiction.").  Accordingly, the undersigned is of the opinion that the court lacks subject matter jurisdiction and the case should be remanded.

Accordingly, it is recommended this matter be remanded to the Court of Common Pleas, Horry County, South Carolina, for lack of subject-matter jurisdiction. If this recommendation is adopted, upon remand, the Clerk of this court will be ordered to mail a certified copy of the order of remand to the Clerk of the Court of Common Pleas for Horry County.

4

IT IS SO RECOMMENDED.

June 14, 2013
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**